UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Norman P. BLANCO,<br><br>      Petitioner,<br><br>v.<br><br>Raybon JOHNSON, Warden,<br><br>      Respondent. | Case No. 3:20-cv-1088-WQH-AGS<br><br>**REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS (ECF 7)** |

Petitioner's deadline for seeking federal habeas was June 8, 2011. He instead waited until 2020 to file a habeas petition, nine years late. Because neither statutory nor equitable tolling excuses this untimeliness, his petition should be dismissed.

## BACKGROUND

After Norman Blanco appealed his convictions for assault with a firearm and other crimes, the California Supreme Court denied review on March 10, 2010. (ECF 8-3, at 1.) A decade later, Blanco filed a state habeas petition, which the California Court of Appeal rejected as untimely. (ECF 8-4, at 2.) On June 15, 2020, Blanco submitted the present request for federal habeas relief on the same grounds. (ECF 1, at 16.) Respondent now moves to dismiss this federal petition as untimely. (ECF 7-1, at 6.)

## DISCUSSION

A person in state custody must file a petition for federal habeas within one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d). But a "petition can also be timely, even if filed after the one-year period has expired, when statutory or equitable tolling applies." *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) (citation omitted).

The California Supreme Court denied review here on March 10, 2010. (ECF 8-3, at 1.) Blanco did not seek certiorari, so the judgment became final when the "ninety-day certiorari period" lapsed on June 8, 2010. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.

1999) (citation omitted). The federal habeas statute of limitations expired one year later, on June 8, 2011. *See* 28 U.S.C. § 2244(d). Because Blanco's federal habeas petition was filed June 15, 2020—more than nine years after the deadline—it is late unless either statutory or equitable tolling applies. (*See* ECF 1.)

**A.    Statutory Tolling**

The one-year limitation is tolled when a petitioner has "a properly filed application for State post-conviction or other collateral review" until the California Supreme Court rejects the final collateral attack. *See* 28 U.S.C. § 2244(d)(2); *see also Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006). While pursuing a state post-conviction petition, the one-year limitation is not reset but merely paused. *See, e.g.*, *Bunn v. Warden Salinas Valley St. Prison*, No. C 09-0251 PJH (PR), 2013 WL 5692930, at *1 (N.D. Cal. Oct. 15, 2013).

When the one-year statute of limitations expired here in June 2011, Blanco had not yet filed a state post-conviction relief petition. "Section 2244(d)(2) cannot 'revive' the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run." *Smith v. Davis*, No. C 14-3122 RS (PR), 2015 WL 5029336, at *2 (N.D. Cal. Aug. 25, 2015). Blanco's state post-conviction relief petition, first filed in February 2020, did not restart the clock when it was denied the next month.

And there's a second problem with Blanco's statutory tolling argument: His state post-conviction petition was not "properly filed" for statutory-tolling purposes. *See Allen v. Siebert*, 552 U.S. 3, 6 (2007). Because Blanco filed his state habeas petition "more than 13 years after he was initially sentenced and more than 11 years after he was resentenced with no explanation for the delay," the California Court of Appeal barred the petition as untimely under California law. (ECF 8-4, at 2.) A "state postconviction petition is . . . not 'properly filed' if it was rejected by the state court as untimely." *Allen*, 552 U.S. at 6 (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." (quotation marks omitted)). So, for both reasons, statutory tolling is unavailable here.

2

**B.     Equitable Tolling**

Blanco also does not benefit from equitable tolling, which is a judge-made exception to the statute of limitations for exceptional circumstances. *See Holland v. Florida*, 560 U.S. 631, 645-49 (2010). Under *Holland*, a petitioner would qualify for equitable tolling if "he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (quotation marks and citation omitted). A non-exhaustive list of extraordinary circumstances includes: "egregious" attorney negligence, *see Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003); "actual innocence," *see McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); denial of "access to . . . legal files" while imprisoned, *see Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005); relying on prior statutory requirements during case pendency, *see Nedds v. Calderon*, 678 F.3d 777, 784 (9th Cir. 2012); or some other high obstacle not brought about by petitioner's own actions. *See Spitsyn*, 345 F.3d at 799. The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews*, 432 F.3d at 1026 (citation omitted).

Blanco presents no extraordinary circumstances beyond his control that prevented him from filing a habeas petition within the one-year limitation. His response to defendant's motion to dismiss only reiterates the arguments in his petition without addressing timeliness. (*See generally* ECF 9.) Waiting nine years to pursue both state and federal habeas relief cannot qualify as a diligent pursuit of Blanco's habeas right. So, equitable tolling is unavailable.

Because Blanco's late petition cannot be saved by any tolling, the Court recommends dismissing it *with* prejudice as "the untimeliness can never be rectified." *See Bautista v. Hatton*, No. LACV1606632VBFKK, 2016 WL 6137405, at *5 (C.D. Cal. Oct. 19, 2016).

**C.     Certificate of Appealability**

A district court must "issue or deny a certificate of appealability when it enters a final order adverse to the [habeas] applicant." Rule 11(a), Rules Governing § 2254 Cases,

28 U.S.C. foll. § 2254 (2020). A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold, "a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Harris v. Kernan*, No. 18CV274-MMA (RBM), 2019 WL 527426, at *1 (S.D. Cal. Feb. 11, 2019) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

As a dismissal with prejudice constitutes a "final order adverse to the applicant," the Court must consider whether to grant petitioner a certificate of appealability. Because Blanco filed his habeas petition over nine years late and no tolling applies, the Court concludes that no "reasonable jurists could debate whether the petition should have been resolved in a different manner." *See Harris*, 2019 WL 527426, at *1. So, the Court recommends denying a certificate of appealability.

## CONCLUSION

The Court recommends that the following orders be entered:

1. Respondent's motion to dismiss the habeas petition is **GRANTED**.
2. Blanco's petition is **DISMISSED** with prejudice.
3. The Court **DECLINES** to issue a certificate of appealability.

Within 14 days of service of this report, the parties must file any objections to it. *See* 28 U.S.C. § 636(b)(1). The party receiving such an objection has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

Dated: May 19, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge

4

3:20-cv-1088-WQH-AGS